OPINION
{¶ 1} Defendant-appellant John O. Latham appeals the October 22, 2002 Entry of the Coshocton County Court of Common Pleas, which denied appellant's motion to reduce or modify sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 8, 2000, the Coshocton County Grand Jury indicted appellant on one count of trafficking in cocaine, and one count of possession of crack cocaine, both felonies of the third degree. The matter proceeded to jury trial. The jury found appellant guilty of both counts. The trial court sentenced appellant to four years incarceration on the trafficking count and four years incarceration on the possession count. The trial court ordered the sentences to be served consecutively. Appellant appealed his convictions and sentences to this Court. This Court affirmed said convictions and sentences. State v. Latham,
2001-Ohio-1556, Coshocton Fifth App. No. 01-CA-1.
 {¶ 3} Subsequently, appellant filed a motion to reduce or modify sentence pursuant to R.C. 2929.11(B), arguing his sentences were not consistent with the sentences imposed upon another offender convicted of similar offenses. The trial court denied appellant's motion via Entry filed October 22, 2002. It is from this entry appellant appeals, raising as his sole assignment of error:
 {¶ 4} "I. The trial court erred to the prejudice of defendant-appellant by failing to modify a sentence which is contrary to law."
 {¶ 5} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 6} "(E) Determination and judgment on appeal.
 {¶ 7} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 8} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 10} Herein, appellant maintains the trial court erred in failing to modify his sentence.
 {¶ 11} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant, who was represented by counsel, from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment. State v.Perry (1967), 10 Ohio St.2d 175, 180.
 {¶ 12} In his original appeal to this Court, appellant challenged the trial court's sentences. Accordingly, pursuant to the doctrine of res judicata, appellant is barred from raising further challenges to those sentences.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} The entry of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur.
topic: failing to modify sentence contrary to law.